AO 106 (Rev. 04/10) Application for a Search Warrant

# United States District Court
### for the
Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

| | |
|---|---|
| A Motorola Model: XT2313-4, as described and depicted in Attachment A-1; facebook account: Profile Name "JonJon Jonny Woody" and User ID "Spazzgotem100," as described in Attachment A-2; and Instagram account: Username BigBossJonny90, as described in Attachment A-3. | Case No. **24-MJ**-4045 |

## APPLICATION FOR A SEARCH WARRANT

I, CHRISTOPHER TOSCANO, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property located in the Western District of New York or elsewhere *(identify the person or describe the property to be searched and give its location)*: A Motorola Model: XT2313-4, as described and depicted in Attachment A-1; facebook account: Profile Name "JonJon Jonny Woody" and User ID "Spazzgotem100," as described in Attachment A-2; and Instagram account: Username BigBossJonny90, as described in Attachment A-3.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

*See* Attachments B-1, B-2, and B-3, Information to be Seized, which are incorporated by reference as if fully set forth herein, all of which are evidence, contraband, fruits, and instrumentalities of violations of <u>Title 18, United States Code, Sections 2251(a); 2252A(a)(2)(A); 2252A(a)(5)(B); 2422; and 1470.</u>

The basis for search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: Title 18, United States Code, Section 2261A(2)(B).

The application is based on these facts: *See* attached affidavit.
- ☐ continued on the attached sheet.
- ☐ Delayed notice of **6 months** (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

FBI TFO Christopher Toscano
*Printed name and title*

**Application submitted electronically by email in .pdf format and attested to me and before me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3).**

Date: ___March 15, 2024___

_____
*Judge's signature*

City and state: _Rochester, New York_

___Mark W. Pedersen, U.S. Magistrate Judge___

## ATTACHMENT A-1

WOODY's cell phone to be searched was seized on March 1, 2024 from JONATHAN WOODY after he was arrested on unrelated charges. This item is currently in FBI custody. WOODY's cell phone is described and depicted as follows:

### A Motorola Model: XT2313-4:



ATTACHMENT B-1

ITEMS TO BE SEARCHED AND SEIZED

1. Evidence, in any form, of violations of 18 U.S.C. §§ 2251(a) (production of child pornography); 2252A(a)(2)(A) (receipt and distribution of child pornography); 2252A(a)(5)(B) (possession or access with intent to view, or view child pornography); 2422(b) (the enticement enticement of minors); and 1470 (the transfer of obscene matter to minors).

2. Images of child pornography and files containing images of child pornography;

3. Information, correspondence, communications, and other materials constituting evidence of, or pertaining to, the sexual exploitation of minors;

4. Any and all records, documents, e-mails, telephone numbers, text messages, correspondence, communications, images, internet search history, or other information, which evince a sexual interest in minors or child exploitation;

5. Records and information relating to the existence of internet sites, social media applications, file sharing applications, or chat applications, related to child pornography or a sexual interest in children;

6. Records or other items related to the use of internet accounts, to include usernames, passwords, financial accounts, social media accounts, location information, IP information, etc.; and

7. Information which evinces ownership or use of any social media accounts, computers, or cell phones.

**(Final Version 01/2024)**

**ADDENDUM TO SEARCH WARRANT**

**SEARCH OF COMPUTERS**

1.  The computer or electronic media search authorized by this warrant shall be completed within 60 days from the date of the warrant unless, for good cause demonstrated, such date is extended by Order of this Court. *United States v. Smith*, 967 F.3d 198, 205 (2d Cir. 2020).

2.  In conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology to search only for files, documents or other electronically stored information which are identified in the warrant itself.

3.  Should the government not locate any of the items specified in the warrant (or other fruits, contraband, instrumentalities, or property subject to forfeiture) within the authorized search period (including any extensions granted), the government shall return the computer or electronic media to the owner.

4.  In any circumstance not covered by paragraph three (3) above, upon completion of the search, the government, upon request of the owner of the computer, shall promptly return to the owner of the computer copies of all files and documents requested and specified by the owner, excluding any items or files seized pursuant to the warrant or other fruits, contraband, instrumentalities or property subject to forfeiture.

5.  If electronically stored data or documents have been identified by the government pursuant to this warrant, or other fruits, contraband, instrumentalities or property subject to forfeiture, the government may retain the original hard drive or other data storage mechanism pending further order of this Court. The retention of the original hard drive or other data storage mechanism does not relieve the government of its obligation to return to the owner of the computer files, documents or other electronically stored information identified in paragraph (4) above.

6.  Nothing in this warrant shall limit or prevent the government from retaining the computer or electronic media as fruits, contraband or an instrumentality of a crime or commencing forfeiture proceedings against the computer and/or the data contained therein. Nothing in this warrant shall limit or prevent the owner of the computer or electronic media from (a) filing a motion with the Court pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the Return of Property or (b) making a request of the government to return certain specified files, data, software or hardware.

7.  Should there be a dispute or question over ownership of any computer or any electronically stored data or documents stored therein, the government shall promptly notify this Court so that such dispute or question can be resolved.

## ATTACHMENT A-2

### Property to Be Searched: facebook account

This warrant applies to information associated with the **facebook account Profile Name "JonJon Jonny Woody" and User ID "Spazzgotem100,"** that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc., a company headquartered at 1 Meta Way, Menlo Park, CA.

A law enforcement officer will serve this warrant by transmitting it via email or another appropriate manner to the service provider. The service provider is directed to produce to the law enforcement officer an electronic copy of the information specified in Attachment B-2.

## ATTACHMENT B-2

### Particular Things to be Seized

**I. Information to be disclosed Meta Platforms Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Meta, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to Meta, or has been preserved, Meta is required to disclose to the government for each account or identifier listed in Attachment A-1 the following information from the date of the creation of the account to the present, unless otherwise indicated:

a. All business records and subscriber information, in any form kept, pertaining to the account including:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses, including alternate and recovery email addresses);

3. Telephone numbers, including SMS recovery and alternate sign-in numbers;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions, including log-in IP addresses;

5. Telephone or instrument numbers or other subscriber numbers or identities, including any temporarily assigned network address, SMS recovery numbers, and alternate sign-in numbers;

6. Length of service (including start date and creation IP) and types of service utilized;

7. Means and source of payment (including any credit card or bank account number);

8. All device information associated with the account, including but not limited to, manufacture names, model numbers, serial number, media access control (MAC) addresses, international mobile equipment identifier (IMEI) numbers, FCC ID numbers, Android IDs, and telephone numbers;

9. Records of user activity for each connection made to or from the account, including, for all Meta services, the date, time, length, and method of connection, data transfer volume, usernames, source and destination IP address, name of accessed Meta service, and all activity logs;

10. The **contents of communications and messages** made or received by the user from the creation of the accounts to the present; and

11. All images and videos received, possessed, or distributed by the account.

Meta, is hereby ordered to disclose the above information to the government within

**14 days** of issuance of this warrant.

## II. Information to be seized by the government

1. Evidence, in any form, of violations of 18 U.S.C. §§ 2251(a) (production of child pornography); 2252A(a)(2)(A) (receipt and distribution of child pornography); 2252A(a)(5)(B) (possession or access with intent to view, or view child pornography); 2422(b) (the enticement enticement of minors); and 1470 (the transfer of obscene matter to minors).

2. Images of child pornography and files containing images of child pornography;

3. Information, correspondence, communications, and other materials constituting evidence of, or pertaining to, the sexual exploitation of minors;

4. Any and all records, documents, e-mails, telephone numbers, text messages, correspondence, communications, images, internet search history, or other information, which evince a sexual interest in minors or child exploitation;

5. Records and information relating to the existence of internet sites, social media applications, file sharing applications, or chat applications, related to child pornography or a sexual interest in children;

6. Records or other items related to the use of internet accounts, to include usernames, passwords, financial accounts, social media accounts, location information, IP information, etc.; and

7. Information which evinces ownership or use of any social media accounts, computers, or cell phones.

## ATTACHMENT A-3

### Property to Be Searched: Instagram account

This warrant applies to information associated with the **Instagram account: Username BigBossJonny90"** that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc., a company headquartered at 1 Meta Way, Menlo Park, CA.

A law enforcement officer will serve this warrant by transmitting it via email or another appropriate manner to the service provider. The service provider is directed to produce to the law enforcement officer an electronic copy of the information specified in Attachment B-2.

**ATTACHMENT B-3**

**Particular Things to be Seized**

## I. Information to be disclosed Meta Platforms Inc.

To the extent that the information described in Attachment A is within the possession, custody, or control of Meta, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to Meta, or has been preserved, Meta is required to disclose to the government for each account or identifier listed in Attachment A-1 the following information from the date of the creation of the account to the present, unless otherwise indicated:

a. All business records and subscriber information, in any form kept, pertaining to the account including:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses, including alternate and recovery email addresses);

3. Telephone numbers, including SMS recovery and alternate sign-in numbers;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions, including log-in IP addresses;

5. Telephone or instrument numbers or other subscriber numbers or identities, including any temporarily assigned network address, SMS recovery numbers, and alternate sign-in numbers;

6. Length of service (including start date and creation IP) and types of service utilized;

7. Means and source of payment (including any credit card or bank account number);

8. All device information associated with the account, including but not limited to, manufacture names, model numbers, serial number, media access control (MAC) addresses, international mobile equipment identifier (IMEI) numbers, FCC ID numbers, Android IDs, and telephone numbers;

9. Records of user activity for each connection made to or from the account, including, for all Meta services, the date, time, length, and method of connection, data transfer volume, usernames, source and destination IP address, name of accessed Meta service, and all activity logs;

10. The **contents of communications and messages** made or received by the user from the creation of the accounts to the present; and

11. All images and videos received, possessed, or distributed by the account.

Meta, is hereby ordered to disclose the above information to the government within

**14 days** of issuance of this warrant.

## II. Information to be seized by the government

1. Evidence, in any form, of violations of 18 U.S.C. §§ 2251(a) (production of child pornography); 2252A(a)(2)(A) (receipt and distribution of child pornography); 2252A(a)(5)(B) (possession or access with intent to view, or view child pornography); 2422(b) (the enticement enticement of minors); and 1470 (the transfer of obscene matter to minors).

2. Images of child pornography and files containing images of child pornography;

3. Information, correspondence, communications, and other materials constituting evidence of, or pertaining to, the sexual exploitation of minors;

4. Any and all records, documents, e-mails, telephone numbers, text messages, correspondence, communications, images, internet search history, or other information, which evince a sexual interest in minors or child exploitation;

5. Records and information relating to the existence of internet sites, social media applications, file sharing applications, or chat applications, related to child pornography or a sexual interest in children;

6. Records or other items related to the use of internet accounts, to include usernames, passwords, financial accounts, social media accounts, location information, IP information, etc.; and

7. Information which evinces ownership or use of any social media accounts, computers, or cell phones.

## AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

STATE OF NEW YORK   )
COUNTY OF MONROE   )     ss:
CITY OF ROCHESTER   )

I, CHRISTOPHER TOSCANO, being duly sworn, depose and state:

1.      I am a Deputy with the Monroe County Sheriff's Office and have been assigned as a Task Force Officer (TFO) with the FBI's Child Exploitation and Human Trafficking Task Force since 2017.  As a TFO, I am responsible for investigating crimes involving child pornography, child exploitation, and human trafficking, among other offenses.

2.      On March 13, 2024, I arrested JONATHAN WOODY based on charges involving the enticement of a minor in violation of 18 U.S.C. § 2422(b).  It is alleged that WOODY used his cell phone and social media to entice a minor (the Victim) to engage in sexual conduct with WOODY in a Greece, NY hotel.  The filed Criminal Complaint is attached as Exhibit 1, and those factual allegations are incorporated as if fully set forth herein.

3.      I submit this affidavit in support of a warrant to search the following phone and social media accounts, that WOODY used in connection with the crimes charged in Exhibit 1:

     a.   WOODY'S cell phone: A Motorola Model: XT2313-4, as described and depicted in Attachment A-1;

     b.   WOODY'S facebook account: Profile Name "JonJon Jonny Woody" and User ID "Spazzgotem100," as described in Attachment A-2; and

     c.   WOODY'S Instagram account: Username BigBossJonny90, as described in Attachment A-3.

The evidence to be search for and seized is described in Attachments B-1 through B-3.

4.      WOODY's cell phone is in the custody of law enforcement in the Western District of New York, and therefore subject to search pursuant to Rule 41 of the Federal Rules of Criminal Procedure.

5.      WOODY'S facebook and Instagram accounts are stored at premises owned and maintained by Meta Platforms, Inc., a company headquartered at 1 Meta Way, Menlo Park, CA.   This Court has jurisdiction to issue a warrant for these accounts because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711(3)(A)(i).   See 18 U.S.C. § 2703(d).   Specifically, the Court is a "district court of the United States (including a magistrate judge of such a court) . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

6.      As explained in Exhibit 1, WOODY used his cell phone in order to communicate with the Victim and arrange an Uber to transport the Victim for sexual encounter in a Greece, NY hotel.   WOODY's phone was seized on March 1, 2024, and has remained in law enforcement custody since that date.   WOODY stated that he first met the Victim on a social media platform and that the two continued to communicate through text message.   As indicated in Exhibit 1, sexually suggestive photographs were reported to have been taken of the Victim.[1] WOODY also specifically told investigators that he first met the Victim on a social media platform and that the two continued to communicate through text

---

[1] The Victim's mother reported seeing such images on the Victim's phone along with photographs of the hotel room with liquor bottles later observed by police.   The Victim reported that photographs were taken in the hotel room when he was with WOODY.   The Victim believed that the photos were taken using his phone, however, law enforcement has not been able to rule out WOODY's phone as also having been used to take photographs while in the hotel.

message.  When asked, WOODY admitted that he requested that the Victim send him photographs and that he received at least one photograph of the Victim in his underwear. WOODY admitted that he sent a video of himself masturbating to the Victim via text message.  WOODY stated that he deleted his messages with the Victim, including the photos and video that were exchanged.  WOODY denied photographing himself having sex with the Victim.

7.     When asked about the use of social media to communicate with the Victim, WOODY indicated that he knew the Victim from Facebook (he appeared unsure whether another application was involved) and indicated that he "inboxed" the Victim first.  WOODY indicated receiving a photograph of the Victim's "butt" on Facebook and identified his Facebook account as "Jon Jon Jonny Woody." WOODY also identified his Instagram account as BigBossJonny90.   When asked, WOODY first said that he did not use Instagram to communicate with the Victim but then admitted that he could not exactly remember how he communicated with the Victim (whether by text message or social media, or a combination of both).

8.     Based on the above and the allegations set forth in Exhibit 1, there is probable cause to believe that WOODY engaged in the online enticement of the Victim in order to have sex with the Victim.   There is further probable cause to believe that communications with the Victim took place from WOODY's cell phone, his Facebook account, his Instagram account, or a combination of all three. There is also probable cause to believe that photographs of the Victim and WOODY were exchanged via these methods.

9.     Based on my training and experience, it is common for individuals engaged in the sexual exploitation of minors to communicate using combinations of text messaging or

online social media messaging.  In this case, it appears that WOODY likely used his cell phone, and some combination of his facebook and Instagram accounts to communicate with the Victim.  Based on the Victim's disclosures, the photographs observed by the Victim's mother as described in Exhibit 1, and WOODY's interviews with law enforcement, there is probable cause to believe that WOODY also used these items to produce and receive child pornography in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(2)(A), to disseminate indecent matter to the Victim (a video of WOODY masturbating) in violation of 18 U.S.C. § 1470, and to entice the minor for sex in violation of 18 U.S.C. § 2422.

10.     WOODY'S facebook account has been preserved pursuant to a preservation request, however, it appears that his Instagram account may have been deleted. Nevertheless, based on my training and experience, I know that social media companies retain messages, media, transactional records, subscriber records, IP and location information, date and time information, images and videos, and other information, and can access some of that information even when an account has been deleted.

11.     I further know that companies like Meta typically retain additional information about their users' accounts, such as information about the length of service (including start date), the types of service utilized, and the means and source of any payments associated with the service (including credit card and bank account numbers).  In some cases, users may communicate directly with providers about issues relating to their accounts, such as technical problems and billing inquiries. Companies typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the

4

communications.   Some of this information can be retrieved by companies like Meta, even after users have deleted accounts.

12.     Based on my training and experience, I also know that individuals involved in child exploitation and child pornography often keep and maintain images that they produce, or that they receive from others, on devices such as cell phones and in social media accounts, such as facebook and Instagram.   I also know that such evidence can be recovered from cell phones even after they have been deleted.

13.     Based on the facts discovered in this case, there is probable cause to believe that evidence of the production, receipt and possession of child pornography, the enticement of minors, and the transfer of obscene matter to minors, is currently located on WOODY's cell phone, in WOODY's facebook account, and in WOODY's Instagram account.

CHRISTOPHER TOSCANO
Task Force Officer
Federal Bureau of Investigation

Affidavit submitted electronically by email
in .pdf format. Oath administered, and
contents and signature attested to me as
true and accurate telephonically pursuant
to Fed. R. Crim. P. 4.1 and 41(d)(3) on
March 15 , 2024.

MARK W. PEDERSEN
United States Magistrate Judge

# EXHIBIT 1

AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

### for the

### Western District of New York

**United States of America**

v.

**JONATHAN WOODY,**

*Defendant*

Case No. 24-MJ-526

### CRIMINAL COMPLAINT

I, <u>CHRIS TOSCANO,</u> the complainant in this case, state that the following is true to the best of my knowledge and belief: That between approximately January 1, 2024 through January 4, 2024, in the Western District of New York and elsewhere, the defendant, Jonathan Woody:

Using a means and facility of interstate and foreign commerce, did knowingly persuade, induce, entice, or coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b).

**SEE ATTACHED AFFIDAVIT OF FBI TASK FORCE OFFICER CHRISTOPHER TOSCANO.**

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

_____
*Complainant's signature*

<u>CHRISTOPHER TOSCANO, Task Force Officer, FBI</u>
*Printed name and title*

Affidavit and Criminal Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim. P. 4.1 and 4(d) on:

Date: __March 7, 2024_____

City and State: __Rochester, New York_____

_____
*Judge's signature*

**MARK W. PEDERSEN**
<u>UNITED STATES MAGISTRATE JUDGE</u>
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

STATE OF NEW YORK   )
COUNTY OF MONROE   )    ss:
CITY OF ROCHESTER   )

I, CHRISTOPHER TOSCANO, being duly sworn, depose and state:

1.  I am a Deputy with the Monroe County Sheriff's Office and have been assigned as a Task Force Officer (TFO) with the FBI's Child Exploitation and Human Trafficking Task Force since 2017.  As a TFO, I am responsible for investigating crimes involving child pornography, child exploitation, and human trafficking, among other offenses.

2.  I submit this affidavit in support of a criminal complaint charging JONATHAN WOODY with the enticement of a minor in violation of 18 U.S.C. § 2422(b). As set forth below, WOODY used a means and facility of interstate and foreign commerce to persuade, induce and entice a minor to engage in sexual activity for which he could have been charged with a criminal offense.

3.  The information contained in this affidavit is based on my personal knowledge and observations, my training and experience, conversations with other law enforcement officers and witnesses, and my review of documents and records related to this case.   Because this affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included every fact known to me as a result of this investigation. Rather, I have set forth the facts that I believe are relevant to establish probable cause to believe that WOODY knowingly violated 18 U.S.C. § 2422(b).

**Investigation by the MCSO and GPD**

4.      On January 2, 2024, at approximately 8:43 pm, the Monroe County Sheriff's Office (MCSO) was dispatched to a residence in Penfield, NY, for the report of a missing 13-year-old boy (the Victim).   Deputies spoke with the Victim's mother, who reported that the Victim went for a walk at around 4:30 pm but had not returned home and had not returned her calls or texts. The MCSO began a missing person investigation in an effort to locate the Victim.

5.      While the missing person investigation was underway, the Victim returned home at around 11:18 PM.   Deputies met with the Victim at his home and asked basic questions about his welfare, after which the Victim was left in the custody of his family.

6.      On the following day, January 3, 2024, the Victim's mother made a follow-up report to the MCSO after she searched the Victim's phone.   The Victim's mother reported that she discovered sexually suggestive pictures of the Victim, semi-clothed, in a hotel room. The Victim's mother also saw alcohol bottles and marijuana in at least one of the pictures. The Victim's mother provided deputies with the Victim's phone, along with the passcode and a consent to search.

7.      The Victim's mother contacted the MCSO a second time on January 3, 2024, after she learned that the Victim met an adult male, now identified as JONATHAN WOODY, at a Greece, NY hotel while he was missing on January 2, 2024.   According to the Victim's mother, the adult male (hereinafter "WOODY") sent an Uber to Penfield to pick up the Victim, after which the Uber picked up WOODY and drove both to a hotel in Greece.

Believing that the male engaged in sexual activity with the Victim, the Victim's mother transported the Victim to Strong Memorial Hospital for a sexual assault examination.

8.      The Victim's mother searched hotels in Greece, and ultimately went to the Extended Stay hotel located at 600 Centerplace Dr., where she spoke to management. According to the Victim's mother, management identified the room depicted in the photographs on the Victim's phone.   The Greece Police Department (GPD) responded to the hotel and were allowed access to room 221, where they located beer bottles, cannabis, and the Victim's black sweatshirt, displaying the number "3" in red.   Records provided by Extended Stay indicated that the room was rented by JONATHAN WOODY from January 2 through January 3, 2024, using his New York State Identification Card containing his photograph and pedigree information.

### Forensic Examination of the Victim's Phone

9.      A forensic analysis of the Victim's phone extracted portions of sexually explicit messages between the Victim and an individual designated as "Jonny" under phone number 585-XXX-2611.   "Jonny" is now positively identified as JONATHAN WOODY.   It was learned through the investigation that the Victim deleted many of his messages with WOODY. As a result, the forensic examination did not capture dates and times associated with the messages.   Below are some of the messages that "Jonny" sent to the Victim that were recovered from the Victim's phone:

- "Lol I didn't even ask that much questions I just wanted to know if you wanted to skip today that's all and if you're still in middle school you said you was 13??"
- "And are you 420 friendly baee"
- "Awww baee you good you gon let me eat your 🍎👅😋"

3

- "Aww first time you'll gon love it baee"
- "We can go back to my hotel room or your crib if we can"
- "It's actually a black town and country Chrysler and it's not too far from you"
- "Yeah it's coming now and Greece"
- "Noo you already headed to me now don't scared"

10.     In this communication, WOODY specifically acknowledged that the Victim was a minor.   Based on my training and experience, I know that the question "are you 420 friendly baee," refers to WOODY asking if the Victim smokes marijuana, and the word "Baee" is another term for "babe."   The peach emoji used by WOODY is a reference that WOODY wanted to perform oral sex on the Victim (a peach emoji is a reference to a person's buttocks). WOODY's reference to "a black town and country Chrysler and it's not too far from you" is consistent with WOODY sending an Uber to pick up the Victim on January 3, 2024.

**Interview of the Victim**

11.     On January 11, 2024, the Victim was forensically interviewed at the Bivona Child Advocacy Center.   In sum and substance, the Victim disclosed that he communicated with an adult male (WOODY) over the phone.   The Victim disclosed that WOODY repeatedly asked if the Victim wanted to "do it" (have sex).   When the Victim agreed, WOODY sent an Uber to pick the Victim up at a location in Penfield.   The driver then picked up WOODY in Rochester and brought WOODY and the Victim to the hotel. While at the hotel, WOODY provided alcohol and marijuana.   The Victim reported that he told WOODY that he was underage.   WOODY responded by stating something to the effect of WOODY being the "first and only one he [the Victim] would do it with because of his age."

12.    The Victim disclosed that he and WOODY engaged in oral and anal sex while at the hotel, after which WOODY commented that it was "weird to do it with someone so young."   The Victim recalled WOODY taking videos of the Victim naked in the hotel room. The Victim indicated that he ultimately felt uncomfortable and asked WOODY to call for an Uber, after which the Victim left.

13.    On January 17, 2024, the Victim positively identified WOODY in a photo array.   The Victim also was shown photographs of the hotel room and the sweatshirt with the red number "3" that was recovered from the room.   The Victim confirmed that the hotel room was the same room that he was in with WOODY and confirmed that the sweatshirt belonged to him.   The Victim could not recall if he exchanged photos with WOODY and indicated that he believed the photos taken in the hotel room were taken using his phone.

### AT&T Subpoena

14.    A subpoena was sent to AT&T for subscriber information associated with the phone number 585-XXX-2611, the number that WOODY used to communicate with the Victim.   AT&T responded and indicated the 585-XXX-2611 is associated with Cricket. Subscriber information provided to law enforcement for this phone number revealed the following:

JONATHAN WOODY
MSISDN Active: 10/23/2023 - Current

15.    AT&T also provided call records showing that 585-XXX-2611 was used to communicate with the Victim from January 1, 2024, through January 3, 2024.   The records

further indicated that numerous text messages were sent between WOODY and the Victim (the content of the messages cannot be acquired via subpoena).

### Interview of WOODY

16.     On March 1, 2024, members of the MCSO took WOODY into custody based on unrelated state charges. WOODY's phone, a Motorola Model: XT2313-4 smartphone, was seized incident to arrest and WOODY was transported to the MCSO C-Zone substation where he was interviewed.

17.     After waiving his *Miranda* rights, WOODY spoke with investigators, during which time he admitted meeting the Victim, despite knowing that the Victim was only 13 years old.   WOODY stated that he first met the Victim on a social media platform and that the two continued to communicate through text message.

18.     WOODY identified his phone number as being 585-XXX-2611 and stated that he was the only user of the phone.   WOODY indicated that the phone taken by law enforcement was the phone that he used to communicate with the Victim.

19.     WOODY admitted that he engaged in "intercourse" with the Victim and that WOODY received oral sex from the Victim.   WOODY was shown a photograph of the text message "Awww baee you good you gon let me eat your (👅👅😆)" that he sent to the Victim. WOODY admitted that the text referred to oral sexual conduct with the Victim, specifically between the mouth and buttocks.

20.     When asked, WOODY admitted that he requested that the Victim send him photographs and that he received at least one photograph of the Victim in his underwear. WOODY admitted that he sent a video of himself masturbating to the Victim via text

6

message.   WOODY stated that he deleted his messages with the Victim, including the photos and video that were exchanged.

21.    WOODY's Motorola phone, which he used to communicate with the Victim, was manufactured in China, and has therefore travelled in and affecting interstate and foreign commerce.   WOODY used the Uber application in order to transport the Victim to the hotel and first communicated with the Victim via social media, both of which operate via the internet.

22.    Pursuant to New York State Penal Law § 130.45(1), it is the felony crime of Criminal Sexual Act in the Second Degree for a person over the age of 18 to engage in oral sexual conduct or anal sexual conduct with a person less than fifteen.

## Conclusion

23.    Based on the foregoing, I respectfully submit that there is probable cause to believe that JONATHAN WOODY, using a means of interstate and foreign commerce, that is, a cellular phone and the internet, did knowingly persuade, induce and entice the Victim, who had not attained the age of 18, to engage in sexual activity for which he could have been charged with a criminal offense, in violation of 18 U.S.C. § 2422(b).

CHRISTOPHER TOSCANO
Task Force Officer
Federal Bureau of Investigation

Affidavit submitted electronically by email
in .pdf format. Oath administered, and
contents and signature attested to me as
true and accurate telephonically pursuant
to Fed. R. Crim. P. 4.1 and 4( d) on
March 7, 2024.

MARK W. PEDERSEN
United States Magistrate Judge

8